UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1**<br><br>**Plaintiff**<br><br>vs.<br><br>**Arthur B. Farris, IV**<br><br>**Defendant**<br><br>**Maine Department of Labor**<br>**Camden National Bank f/k/a Savings Bank of Maine**<br>**Midland Funding LLC**<br>**State of Maine Revenue Services**<br><br>**Parties-In-Interest** | Case No. 1:23-cv-00401-JAW |

### JUDGMENT OF FORECLOSURE AND SALE

138 Oakwood Lane, Burnham, Maine
Mortgage Book: 2642, Page 51

This matter came before the Court for a testimonial hearing on Plaintiff's Motion for Default Judgment on May 28, 2024. Plaintiff, Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1, was present and represented by Reneau J. Longoria, Esq. Defendant, Arthur B. Farris, IV, did not appear; Party-In-Interest, Camden National Bank f/k/a Savings Bank of Maine did not appear; Party-In-Interest, Midland Funding LLC did not appear; Party-In-Interest, Maine Department of Labor did not appear; Party-In-Interest, State of Maine Revenue Services did not appear; Party-In-Interest, State of Maine Revenue Services did not appear.

All persons interested have been duly notified in accordance with the law, and after hearing, the Plaintiff's Motion for Default Judgment is GRANTED.

**JUDGMENT** on Count I - Foreclosure is hereby **ENTERED** as follows:

1. If the Defendant or his/her heirs or assigns pay Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 ("Wilmington Trust") the amount adjudged due and owing ($319,043.03) within 90 days of the date of the Judgment, as that time period is calculated in accordance with 14 M.R.S. § 6322, Wilmington Trust shall forthwith discharge the Mortgage and file a dismissal of this action on the ECF Docket. The following is a breakdown of the amount due and owing:

| Description | Amount |
|---|---|
| Principal Balance | $263,115.13 |
| Interest | $36,042.74 |
| Unpaid Late Charges | $70.00 |
| Escrow Advance | $15,477.91 |
| Recoverable Corporate Advance Balance | $4,337.25 |
| **Grand Total** | **$319,043.03** |

2. If the Defendant or his/her heirs or assigns do not pay Wilmington Trust the amount adjudged due and owing ($319,043.03) within 90 days of the judgment, as that time period is calculated in accordance with 14 M.R.S. § 6322, his/her remaining rights to possession of the Burnham Property shall terminate, and Wilmington Trust shall conduct a public sale of the Burnham Property in accordance with 14 M.R.S. § 6323, disbursing the proceeds first to itself in the amount of $319,043.03 after deducting the expenses of the sale, with any surplus to be disbursed pursuant to Paragraph 5 of this Judgment, and in accordance with 14 M.R.S. § 6324. Wilmington Trust <u>may not</u> seek a deficiency judgment against the Defendant pursuant to the Defendant's discharge in

bankruptcy.

3. In the event that the Defendant, and anyone occupying the premises, do not vacate the property upon termination of his/her right to possession, Wilmington Trust may reopen this matter to seek a Writ of Assistance and/or Writ of Possession to be served by the U.S. Marshals Service pursuant to Federal Rule of Civil Procedure 4.1(a) consistent with this Judgment.

4. Pursuant to 14 M.R.S. § 2401(3)(F), the Clerk, if requested, shall sign a certification after the appeal period has expired, certifying that the applicable period has expired without action or that the final judgment has been entered following appeal.

5  The amount due and owing is $319,043.03.

6  The priority of interests is as follows:

- Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1 has first priority, in the amount of $319,043.03, pursuant to the subject Note and Mortgage.

- Camden National Bank f/k/a Savings Bank of Maine who has been defaulted, has the second priority behind the Plaintiff pursuant to a Writ of Execution dated November 5, 2010, in the amount of $486,918.10, and recorded in the Waldo County Registry of Deeds in Book 3497, Page 252.

- Maine Department of Labor who has been defaulted, has the third priority behind the Plaintiff pursuant to a Notice of Tax Lien dated October 25, 2011, in the amount of $5,555.75, and recorded in the Waldo County Registry of Deeds in Book 3593, Page 182.

- Midland Funding LLC who has been defaulted, has the fourth priority behind

the Plaintiff pursuant to a Writ of Execution dated November 9, 2010, in the amount of $1,731.46, and recorded in the Waldo County Registry of Deeds in Book 3506, Page 78.

- State of Maine Revenue Services who has been defaulted. has the fifth priority behind the Plaintiff pursuant to a Notice of State Lien dated January 12, 2020, in the amount of $6,122.37, and recorded in the Waldo County Registry of Deeds in Book 4461, Page 330.

- State of Maine Revenue Services who has been defaulted, has the sixth priority behind the Plaintiff pursuant to a Notice of State Lien dated December 27, 2020, in the amount of $2,474.65, and recorded in the Waldo County Registry of Deeds in Book 4592, Page 157.

- Arthur B. Farris, IV have the seventh priority behind the Plaintiff.

7. The prejudgment interest rate is 5.5%, *see* 14 M.R.S. § 1602-B, and the postjudgment interest rate is 10.55% pursuant to 14 M.R.S. § 1602-C. (The one year United States Treasury bill rate is the weekly average one-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the last full week of the calendar year immediately prior to the year in which post-judgment interest begins to accrue – December 2023, 4.55%, plus 6% for a total post-judgment interest rate of 10.55%).

8. The following information is included in this Judgment pursuant to 14 M.R.S. § 2401(3):

|  | **PARTIES** | **COUNSEL** |
|---|---|---|
| PLAINTIFF | Wilmington Trust, National Association, Not in Its Individual Capacity, but Solely as Trustee for MFRA Trust 2015-1<br>1100 North Market<br>Wilmington, DE 19801 | Reneau J. Longoria, Esq.<br>Doonan, Graves & Longoria, LLC<br>100 Cummings Center<br>Suite 303C<br>Beverly, MA 01915 |
| DEFENDANT | Arthur B. Farris, IV<br>180 Page Road<br>Jackson, ME 04921 | Defaulted |
| PARTIES-IN-INTEREST | Camden National Bank f/k/a Savings Bank of Maine<br>c/o Agent Arthur C. Markos<br>190 Water Street<br>Gardiner, ME 04345 | Defaulted |
|  | Maine Department of Labor, Bureau of Unemployment Compensation - Operations Division<br>54 State House Station<br>Augusta, ME 04333 | Defaulted |
|  | Maine Revenue Services<br>51 Commerce Dr<br>Augusta, ME 04330 | Defaulted |
|  | Midland Funding LLC<br>c/o Corporation Service Company<br>45 Memorial Circle<br>Augusta, ME 04330 | Defaulted |

a) The docket number of this case is No. 1:23-cv-00401-JAW.

b) All parties to these proceedings received notice of the proceedings in accordance

with the applicable provisions of the Federal Rules of Civil Procedure.

c) A description of the real estate involved, 138 Oakwood Lane, Burnham, ME 04922, is set forth in Exhibit A to the Judgment herein.

d) The street address of the real estate involved is 138 Oakwood Lane, Burnham, ME 04922. The Mortgage was executed by the Defendants, Arthur B. Farris, IV and Shellie R. Farris on July 31, 2004. The book and page number of the Mortgage in the Waldo County Registry of Deeds is Book 2642, Page 51.

e) On February 9, 2011, Arthur B. Farris, IV and Shellie R. Farris filed a Chapter 13 Bankruptcy. On March 23, 2011, the Chapter 13 Bankruptcy was converted to a Chapter 7 Bankruptcy. On June 22, 2011, the Defendant received his discharge from individual liability for this debt in his Chapter 7 Bankruptcy.

e) This judgment shall not create any personal liability on the part of the Defendant but shall act solely as an *in rem* judgment against the property, 138 Oakwood Lane, Burnham, ME 04922.

SO ORDERED.

Dated this 28th day of May, 2024.

_____
U.S. District Judge